## BANCROFT *v.* MARSHALL.

A debt due upon a contingency may be assigned with a mortgage given to secure it, and the assignee is entitled to a conditional judgment in an action commenced on the mortgage after the debt has become absolute by the event of the contingency.

WRIT OF ENTRY founded upon a mortgage.

In support of the action the plaintiff introduced a mortgage to Luther Marshall, executed by the defendant January 16, 1832, with a condition that if the defendant should pay to John Lund, treasurer of the Rising Sun Lodge, his heirs, &c., the sum of $190, in six months with interest, then the deed, and also a note bearing the same date, given by the defendant and Luther Marshall to the Rising Sun Lodge, for the payment of that sum at the time aforesaid, should be void; otherwise of force.

It appeared further that the Rising Sun Lodge recovered judgment on the note against Luther Marshall, at the Court of Common Pleas for Middlesex, Mass., Dec. term 1837, for $258 damages, and $23.71 costs, on which execution issued February 14, 1838, and Luther Marshall, March 12, 1838, paid on it the costs and fees for execution, amounting to $23.96, with the officer's fees.

An alias execution issued March 11, 1839, which has been returned fully satisfied, and the time of payment did not appear.

On the 23d of May 1838 Luther Marshall by deed assigned the mortgage and all his right title and interest in the mortgaged premises, to the plaintiff, with the debt due and owing from the defendant to him, and all claim and demand upon the defendant which he had in consequence of having signed said note, or which he might thereafter have at any time by reason of having signed the same.

The defendant objected, that the plaintiff was not entitled on this evidence to maintain an action in his own name, and that if he could do so, the conditional judgment ought not to be rendered for any greater sum than the money paid by Luther Marshall before the assignment, and interest on it.

A verdict was taken for the plaintiff by consent, judgment to be rendered according to the opinion of the Superior Court upon the foregoing case.

*Abbott & Fox*, for the demandant.

*G. Y. Sawyer*, for the tenant.

Woods, J. The demandant's claim is founded upon a mortgage made by the tenant to Luther Marshall, and by him assigned together with the debt secured by it to the demandant, before the commencement of his action.

At the time of the assignment there was a debt justly and unconditionally due to Marshall, by reason of his having actually paid a portion of the judgment that had been recovered against him upon the note on which he stood as surety for the tenant. So that there can be no question of the right of the demandant to maintain the action.

The question is, how much is the demandant entitled to

exact and receive of the tenant upon the mortgage; or for what sum is he entitled to have the conditional judgment.

The mortgage was made to indemnify Luther Marshall for standing as surety for the defendant on a note. Judgment had been rendered against the surety for the whole amount, on which he had paid nothing but the costs. This would have entitled him to an action upon a promise of indemnity. *Marshall* v. *Cobleigh*, Coös, Dec. term, 1845. By the tenant's omission to pay the note at its maturity the condition was broken, and a forfeiture accrued.

In this state of things Luther Marshall assigned to the demandant the mortgage, with all the existing and contingent and prospective claims, and afterward paid the remainder of the judgment, so that the debt which had been contingent became absolute. If it passed by the assignment to the demandant, then it is quite clear that he is entitled to a conditional judgment for the whole amount.

There seems to be no impediment in law to the assignment of a contingent debt in the same manner that an absolute one may be assigned. It would be unconscientious in the assigning party to claim, or to release it, upon the event of the contingency making it absolute; and there seems no reason to doubt that the ordinary protection that is afforded to the rights of an assignee of a chose in action, would be accorded to such an assignee the same as if the debt assigned had been free from condition at the moment of the assignment, as it afterward became.

We see no good cause to question the efficacy of the assignment to convey the contingent debt according to the manifest intents of the parties.

*Conditional judgment for the amount of the judgment paid by Luther Marshall, with interest.*